**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Mildred Yesenia Morales-Arvayo,<br><br>Defendant. | No. CR-19-00116-001-TUC-RM (JR)<br>No. CR-19-00403-001-TUC-RM (JR)<br><br>**ORDER** |

In the above-captioned cases, Defendant Mildred Morales-Arvayo pled guilty to Importation of Methamphetamine, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(1)(h) (Doc. 37),[1] and Transportation of Illegal Aliens for Profit, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and 1324(a)(1)B)(i) (Doc. 39 in CR-19-00403). The Court sentenced Defendant to a 51-month term of imprisonment, followed by a three-year term of supervised release, for the former offense (Doc. 37), and a concurrent four-month term of imprisonment, followed by a concurrent three-year term of supervised release, for the latter offense (Doc. 39 in CR-19-00403).

Currently pending before the Court is Defendant's Motion for Compassionate Release/Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 42; Doc. 44 in CR-19-00403.) Defendant asks that the Court reduce her custodial sentence to time served and release her on supervised release. (Doc. 46 at 2.)[2] Defendant argues that

---
[1] Unless otherwise indicated, all citations herein refer to the docket in CR 19-00116.
[2] Initially, Defendant asked the Court to release her to home confinement (Doc. 42 at 4); however, she later asked the Court to treat this request as a request to reduce her custodial sentence to time served and release her on supervised release (Doc. 46 at 2).

extraordinary and compelling reasons exist for her early release, namely because her mother, the current guardian of her two children and three nieces and nephews, is no longer able to care for those five children on her own due to her poor health and the circumstances created by the COVID-19 pandemic. (Doc. 42 at 3-4; Doc. 46 at 3-5.) The Government filed a Response (Doc. 44) in opposition to Defendant's Motion, and Defendant filed a Reply (Doc. 46). For the following reasons, the Court will deny Defendant's Motion.

**I.      Legal Standard**

A court may reduce a term of imprisonment upon a defendant's motion, after considering the factors set forth in 18 U.S.C. § 3553(a), if: (1) the defendant has fully exhausted her administrative remedies, (2) "extraordinary and compelling reasons" warrant the reduction, and (3) the reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). A defendant exhausts her administrative remedies by appealing a failure of the Bureau of Prisons to bring a motion on her behalf or by the lapse of 30 days from the receipt of a request for compassionate release by the warden of the defendant's facility. *Id*.

The Ninth Circuit recently held that the current version of U.S.S.G. § 1B1.13 is not an applicable policy statement for purposes of 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant. *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam). The Ninth Circuit explained that "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id*. Therefore, the Court will rely on U.S.S.G. § 1B1.13 as persuasive but non-binding authority for purposes of evaluating the present Motion.

Both 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13 direct courts to consider the sentencing factors set forth in 18 U.S.C. § 3553(a). U.S.S.G. § 1B1.13 further provides that a defendant's sentence may be reduced only if it is determined that the defendant is "not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." The application notes to U.S.S.G. § 1B1.13 describe specific circumstances that

present "extraordinary and compelling reasons" for a sentence reduction, including when a defendant's family circumstances result in either "the death or incapacitation of the caregiver of the defendant's minor child or minor children." U.S.S.G. § 1B1.13, cmt. n.1(C).

The factors to be considered in determining a sentence under 18 U.S.C. § 3553(a) include "the nature and circumstances of the offense and the history and characteristics of the defendant," the sentencing range established by the Sentencing Guidelines, the need to avoid unwarranted sentence disparities among similarly situated defendants, and the need for the sentence imposed:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a).

The factors to be considered in assessing dangerousness under 18 U.S.C. § 3142(g) include the nature and circumstances of the defendant's offense; the weight of the evidence against the defendant; the nature and seriousness of the danger to any person or the community posed by the defendant's release, and the defendant's history and characteristics, including "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse," and criminal history. 18 U.S.C. § 3142(g).

**II.     Discussion**

Defendant submitted a Compassionate Release/Reduction in Sentence request to the warden of FCI Dublin, where she is housed. (Doc. 42 at 3; Doc. 42-1 at 2.) On October 13, 2020, the warden denied her request and referred her to the process for appealing his decision. (Doc. 42 at 3; Doc. 42-1 at 2.) The Government initially argued that Defendant did not exhaust her administrative remedies as required under 18 U.S.C. § 3582(c)(1)(A)

because she did not appeal the warden's decision. (Doc. 44 at 2-3, 15-16.) However, in her Reply, Defendant avers that the Government is withdrawing that argument. (Doc. 46 at 2.) Therefore, the Court will assume, without deciding, that Defendant has satisfied the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A). *But see United States v. Weidenhamer*, No. CR1601072001PHXROS, 2019 WL 6050264, at *2–4 (D. Ariz. Nov. 8, 2019) (finding defendant needed to appeal warden's denial of release in order to satisfy exhaustion requirement but conducting an alternative merits analysis of defendant's motion for release due to "the uncertainty surrounding the administrative exhaustion requirement").

According to Defendant, extraordinary and compelling reasons exist for her early release because her mother, the current guardian of her two children and three nieces and nephews: (1) suffers from multiple medical conditions, some of which are CDC-recognized conditions that place her at a heightened risk of severe illness if she contracts COVID-19, and one of which requires her to attend dialysis three times a week; (2) is strained by the challenges that the COVID-19 pandemic created, namely the closure of schools; (3) needs caregiving assistance for herself due to her health issues; and thus (4) is unable to continue caring for those five children on her own. (Doc. 42 at 3-4; Doc. 46 at 3-5.) In further support of her release, Defendant states that (1) she has served a significant portion of her sentence; (2) she is currently enrolled in GED courses; (3) she has completed some ACE courses; (4) she has timely completed her RDAP treatment plans; (5) she has not been the subject of any incident reports or fights at FCI Dublin; (6) if released, she will live with, and receive support from, her mother; (7) she has three potential job opportunities lined up for her, if released; (8) and, if she is not released, her mother will suffer, and the five children under her mother's care may end up separated in foster care. (Doc. 42 at 4-5; Doc. 46 at 5-7.) In opposition, the Government argues that (1) Defendant's claim of extraordinary and compelling reasons for her early release—based upon the health and needs of her relatives—is too susceptible to fraud for the Court to address without witnesses; (2) Defendant fails to state whether she sought assistance from state agencies or community

organizations to provide care for her relatives; (3) the circumstances of her relatives should instead be addressed by state agencies, such as the Arizona Department of Child Safety and Adult Protective Services; (4) Defendant fails to state whether her mother has received a COVID-19 vaccine; (5) Defendant should have presented some of the aforementioned facts about her relatives at the time of her sentencing; (6) Defendant may not be a suitable caretaker for the five children; and (7) there is insufficient information to properly evaluate Defendant's claims. (Doc. 44 at 17-19.)

Having considered the arguments of both Defendant and the Government, district court decisions across the country addressing compassionate release requests based on family circumstances, and the guidance set forth in U.S.S.G. 1B1.13, cmt. n.1(C), the Court finds that the health and needs of Defendant's family do not rise to the level of extraordinary and compelling reasons warranting her early release. While the Court recognizes the challenges involved in caring for children full-time while navigating daily life during a pandemic, especially when one is in poor health, those challenges are not uncommon among families who have an incarcerated relative. Additionally, while the Court recognizes the risks that COVID-19 poses to those with certain medical conditions, the Court also recognizes that progress within and outside the Tucson community is being made to decrease transmission of the virus. Moreover, the strain on Defendant's mother should be alleviated at least in part by Governor Doug Ducey's recent executive order mandating all district and charter schools in Arizona to return to in-person schooling.[3] Furthermore, although Defendant states that legal issues prevent her three nieces and nephews from being placed with their mother, who is Defendant's sister (Doc. 44 at 2), the Court finds that there is insufficient evidence to determine whether Defendant is the only available family member who can help care for those children, as well as her own.

Even if the health and needs of Defendant's family did rise to the level of extraordinary and compelling circumstances, the Court finds that Defendant's early release would still be unwarranted because the factors set forth in 18 U.S.C. § 3553(a) and the

---

[3] *See* https://azgovernor.gov/executive-orders.

1  danger Defendant poses to the public weigh against her release. The nature and
2  circumstances of Defendant's offenses were serious, with one offense involving the
3  importation of a highly addictive and dangerous drug into the community and the other
4  involving profiting off of people. Particularly troubling is Defendant's decision to engage
5  in criminal activity twice, with the second offense having been committed less than three
6  years after the first, and her admission of having engaged in similar criminal conduct on
7  numerous prior occasions without getting caught. (Doc. 35 at 4-5.) Also troubling is the
8  Defendant's decision to take her then-infant daughter with her during the commission of
9  one of these crimes. Releasing Defendant at this time would undermine the goals of her
10 original sentence, which was imposed, among other reasons, to reflect the seriousness of
11 her offenses and promote respect for the law. (Doc. 38 at 3.) Additionally, the Court notes
12 that Defendant's sentence already includes a downward variance from the custodial
13 sentence recommended by both U.S. Probation and the Government (*see* Doc. 35 at 19), as
14 well as the benefit of serving both sentences concurrently. Moreover, given that Defendant
15 is pursuing her GED and actively participating in the RDAP program, the Court would like
16 to provide her with the opportunity to continue taking advantage of those programs in order
17 to assist in her rehabilitation. For these reasons, the Court finds that Defendant's custodial
18 sentence will continue to provide her with needed correctional treatment and remains
19 suitably tailored to provide just punishment for her offenses and deter her from future
20 criminal conduct. Finally, although the dangerousness finding does not bind this Court's
21 decision in § 3582(c)(1)(A) motions filed by a defendant, *see Aruda*, 993 at 799, 802, the
22 Court agrees with the Government's assessment under 18 U.S.C. § 3142(g) and cannot
23 conclude that Defendant would not pose a danger to the public if released, especially given
24 Defendant's decision to repeatedly engage in criminal conduct.
25     Accordingly,
26 . . . .
27 . . . .
28 . . . .

**IT IS ORDERED** that Defendant's Motion for Compassionate Release/Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 42 in CR-19-00116 and Doc. 44 in CR-19-00403) is **denied**.

Dated this 14th day of July, 2021.

_____
Honorable Rosemary Márquez
United States District Judge